UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION



FILED
MAY 19 2014
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

KENNETH R. FLAUM, Individually,

    Plaintiff,

vs.

Case No. 2:14cv235

PEMBROKE SQUARE ASSOCIATES TWO,
LLC, a Virginia Limited Liability Company,

    Defendant.

## COMPLAINT

Plaintiff, KENNETH R. FLAUM, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, PEMBROKE SQUARE ASSOCIATES TWO, LLC, a Virginia Limited Liability Company, (sometimes referred to as "Defendant"), for Injunctive Relief, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA"), and damages pursuant to Virginia law and states as follows:

### JURISDICTION AND PARTIES

1. Plaintiff, Kenneth R. Flaum, is an individual residing in Gloucester, VA, in the County of Gloucester.

2. Defendant's property, Pembroke Mall, is located at 4554 Virginia Beach Blvd., Virginia Beach, VA 23462, in the County of Virginia Beach City.

3. Venue is properly located in the Eastern District of Virginia because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within

this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff Kenneth R. Flaum is a Virginia resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Flaum has a service connected disability and has been evaluated at 100% disabled. Mr. Flaum has back fusions, rheumatoid arthritis, had two hip replacements, and uses the aid of a scooter for mobility. Mr. Flaum is permanently disabled due to his service connected disabilities, and he is substantially limited in performing one or more major life activities, including walking. Kenneth R. Flaum has visited the property which forms the basis of this lawsuit and plans to return to the property, once it is made fully accessible, to avail himself of the goods and services offered to the public at this property. The Plaintiff has encountered architectural barriers at the subject mall, which have limited his access to the Defendant's property, and to the goods, services, facilities, privileges, advantages, and accommodations offered at Defendant's property, and have limited his ability to park at the premises, to reach the counters, to use the restroom, and to access the tenant spaces. The ADA violations and barriers to access at this mall are more specifically set forth in this Complaint.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA) (INJUNCTIVE RELIEF DEMANDED)

The allegations set forth in paragraphs 1-5 above are incorporated by reference as if fully set forth herein.

2

6. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Pembroke Mall, and is located at located at 4554 Virginia Beach Blvd., Norfolk, VA.

7. Kenneth R. Flaum has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the property as described but not necessarily limited to the allegations in paragraph 9 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Kenneth R. Flaum desires to visit the Pembroke Mall not only to avail himself of the goods and services available at this facility but to assure himself that this facility is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

8. The Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the facility, as prohibited by 42 U.S.C. § 12182 et seq.

9. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). The preliminary inspection of the Pembroke Mall has shown that violations exist. These violations personally encountered by Kenneth R. Flaum include, but are not limited to:

3

**Parking and Accessible Routes**

A. In these parking facilities there are an insufficient number of spaces designated for disabled use contrary to the requirements of § 208.2 of the 2010 ADA Standards for Accessible Design. This condition makes it difficult for the Plaintiff or any other individual with similar mobility impairments to access the features afforded by this facility. The resolution of this condition is readily achievable.

B. The slopes of the accessible parking spaces located near the entrance of the mall that access Target at the Northeast corner exceed the maximum allowed in § 502.4 of the 2010 ADA Standards for Accessible Design. This condition makes it difficult for the Plaintiff or any other individual with similar mobility impairments to exit or enter a vehicle. The resolution of this condition is readily achievable.

C. There are access aisles throughout the parking facilities that are blocked by utility poles contrary to the requirements of § 502.3.2 of the 2010 ADA Standards for Accessible Design. This condition makes it difficult for the Plaintiff or any other individual with similar mobility impairments to exit or enter a vehicle. The resolution of this condition is readily achievable.

D. There is no accessible route from the parking facility to the entrance of the Red Cross Blood Donation Center as required in § 206.4 of the 2010 ADA Standards for Accessible Design. This condition makes it difficult or impossible for the Plaintiff or any other individual with similar mobility impairments to access this tenant space. The resolution of this condition is readily achievable.

E. There is no accessible route to the lock and key kiosk located in the parking facility on the west side of the Sears tenant space as required in § 206.4 of the 2010 ADA Standards for Accessible Design. This condition makes it difficult or impossible for the Plaintiff or any other individual with similar mobility impairments to access this tenant space. The resolution of this condition is readily achievable.

F. The slope of the entrance from the parking facility to the Broadway Shoe tenant space exceeds the maximum allowed in § 402.2 of the 2010 ADA Standards for Accessible Design. This condition makes it difficult or impossible for the Plaintiff or any other individual with similar mobility impairments to access this tenant space. The resolution of this condition is readily achievable.

G. The maneuvering clearance provided at the entrance to the optometrist's office on the west side of the Sears tenant space is less than the minimum allowed in § 404.2.4.3 of the 2010 ADA Standards for accessible Design. This condition makes it difficult or impossible for the Plaintiff or any other individual with similar mobility impairments to access this tenant space. The resolution of this condition is readily achievable.

    H.    The clear width of the accessible routes through some of the tenant spaces at this facility are less than the minimum allowed in § 403.5.1 of the 2010 ADA Standards for Accessible Design. This condition makes it difficult or impossible for the Plaintiff or any other individual with similar mobility impairments to navigate this tenant space. The resolution of this condition is readily achievable.

### Access to Goods and Services

    I.    The height of the sales counters throughout the tenant spaces and the kiosks exceed the maximum allowed in § 904.4 of the 2010 ADA Standards for Accessible Design. In addition, where some of the counters are the correct height they are not dispersed throughout the tenant spaces and kiosks as required in § 227.3. This condition makes it difficult or impossible for the Plaintiff or any other individual with similar mobility impairments to conduct business at this facility. The resolution of this condition is readily achievable.

### Restrooms

    J.    At some of the water closets, there are missing or incorrectly installed grab bars as required in § 604.5 of the 2010 ADA Standards for Accessible Design. This condition makes it difficult for the Plaintiff or any other individual with similar mobility impairments to utilize the fixture. The resolution of this condition is readily achievable.

    K.    The locations of many of the flush controls provided for the water closets at this facility do not comply with the requirements of § 604.6 of the 2010 ADA Standards for Accessible Design. This condition makes it difficult for the Plaintiff or any other individual with similar mobility impairments to utilize the fixture. The resolution of this condition is readily achievable.

10.    All of the foregoing violations are also violations of the 1991 Americans with Disability Act Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

11.    The discriminatory violations described in paragraph 9 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits

of services, programs and activities of the Defendant's building and their facility, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

12. Defendant has discriminated against the individual by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

13. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36505. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity

is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

14. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility are those which were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

15. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

16. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Pembroke Mall to make the facility readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA, or by closing the facility until such time as the Defendant cures its violations of the ADA.

## COUNT II
## VIRGINIA STATE CLAIM (DAMAGES)

17. Plaintiff re-alleges and incorporates into this cause of action each and every allegation

contained in the previous paragraphs numbered 1 through 17 of this Complaint.

18. Defendant's property is a place of public accommodation under Section 51.5-44 of the Code of Virginia.

19. The architectural barriers and other accessibility barriers institute an ongoing act of discrimination against the Plaintiff as a person with a disability in violation of Section 51.5-44 of the Code of Virginia.

20. As a direct and proximate result of Defendant's intentional and negligent failure to remove its barriers to access, Plaintiff has been denied access and his civil rights have been violated.

21. Consequently, the Plaintiff seeks monetary damages from the Defendant pursuant to Section 51.5-46 of Code of Virginia for the discrimination he has experienced and continues to experience.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and

services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205, and such other relief as the Court deems necessary, just and proper.

d. The Court issue a Declaratory Judgment that the Defendant has violated the Virginians With Disabilities Act and award Plaintiff monetary damages from the Defendant pursuant to Section 51.5-46 of the Code of Virginia.

Respectfully Submitted,

Reed S. Tolber, Esquire
THE LAW OFFICES OF REED STEWART TOLBER P.A.
P.O. Box 5264
Charlottesville, VA 22905
(434) 295-6659; (866) 345-1901 - Facsimile
reedtolber@gmail.com

Lawrence A. Fuller, Esq., *pro hac vice pending*
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
(305) 891-5199; (305) 893-9505 - Facsimile
lfuller@fullerfuller.com

By: _____
Reed S. Tolber, Esquire, VA Bar No. 66015
Date: 5/16/14

Counsel for Plaintiff Kenneth R. Flaum

#4575-Pembroke Square Associates Two, LLC Complaint Pkg (slm 4-17-14).wpd